# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CHARLES SMITH,**

        **Plaintiff,**

v.                              CASE NO. 19-3139-SAC

**UNITED STATES DISTRICT COURT, et al.,**

        **Defendants.**

## O R D E R

This matter is before the Court on a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds pro se, and the Court grants leave to proceed in forma pauperis.

Plaintiff, a person held at the Larned State Hospital, alleges the defendant state officials violated his rights by forcibly administering medication on June 27, 2019. Plaintiff submitted a form complaint as directed, and the Court enters the following findings and order.

The complaint names as defendants (1) Erica Brown, (2) Joe S., (3) Virginia, (4) Sgt. Justin, (5) the Larned State Hospital, and (6) Dr. Sohail. Because the Larned State Hospital is a State entity, it must be dismissed from this action. The Eleventh Amendment bars suits in federal court against the State, its agencies, or departments. *Pennhurst State School v. Halderman*, 465 U.S. 89, 100 (1984). In addition, neither a State nor a State agency is a "person" under §1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

Likewise, because the complaint contains no allegations against defendant Joe S., the Court dismisses that defendant. To state a claim for relief under § 1983, a plaintiff must "plead that each

Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

The Court finds the proper processing of plaintiff's claims against the remaining defendants cannot be achieved without additional information from appropriate officials of the Larned State Hospital. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). *See also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motions to proceed in forma pauperis (Docs. 2 and 5) are granted.

IT IS FURTHER ORDERED defendants Larned State Hospital and Joe S. are dismissed.

IT IS FURTHER ORDERED:

(1) The clerk of the court shall prepare a waiver of service form for the remaining defendants in the amended complaint pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to be served upon defendant at no cost to plaintiff. The report required herein shall be filed no later than sixty (60) days from the date of this order, unless the time is extended by the Court. The answer or other responsive pleading shall be filed thirty (30) days after the *Martinez* report is filed.

(2) Officials responsible for the operation of the Larned State Hospital are directed to undertake a review of the subject matter of the complaint:

a. To ascertain the facts and circumstances;

- b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;
- c. To determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendants' answer or response to the complaint. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.

(4) Authorization is granted to the officials of the Larned State Hospital to interview all witnesses having knowledge of the facts, including the plaintiff.

(5) No answer or motion addressed to the complaint shall be filed until the *Martinez* report required herein has been prepared.

(6) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendants' answer or response to the complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed.R.Civ.P. 26(a) and 26(f).

IT IS FURTHER ORDERED the clerk of the court shall enter the Larned State Hospital as an interested party on the docket for the limited purpose of preparing the *Martinez* report ordered herein. Upon the filing of that report, the Larned State Hospital may move for termination from this action.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED:  This 21st day of August, 2019, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge