**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**CHARLES SMITH,**

                      **Plaintiff,**

      **v.**                                       **CASE NO. 19-3139-SAC**

**ERICA BROWN, et al.,**

                      **Defendants.**

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed under 42 U.S.C. § 1983 by a person participating in the Sexual Predator Treatment Program at the Larned State Hospital, Larned, Kansas.

**Background**

Plaintiff commenced this action on July 29, 2019, seeking injunctive relief and release. On September 20, 2019, he submitted correspondence stating in part, "Drop all lawsuits. Please and thank you." The Court liberally construed this correspondence as a motion to dismiss and dismissed the case on September 24, 2019. However, on October 28, 2019, the Court reopened the matter after receiving correspondence from plaintiff stating, "I would like to reinstate my lawsuit!". The Court set new deadlines for a responsive pleading, and thereafter, plaintiff filed motions, affidavits, and an amended complaint.

On December 26, 2019, plaintiff submitted a letter addressed to the Court stating "Re: I drop all lawsuits for good!" (Doc. 24). On February 28, 2020, defendant Erica Brown submitted a notice acknowledging her receipt of plaintiff's letter and moving for an

order administratively closing this action (Doc. 28). On the following day, however, the clerk of the court docketed a letter from plaintiff dated February 22, 2020, stating that he wanted to continue with his lawsuit and contending that he had not had access to the courts (Doc. 29). On March 10, 2020, defendant Brown filed a motion to stay deadlines with a memorandum in support (Doc. 30).

## Analysis

The Court first considers whether this matter was dismissed by plaintiff's December correspondence.

Rule 41 of the Federal Rules of Civil Procedure governs plaintiff's voluntary dismissals of this action. Fed. R. Civ. P. 41(a) provides:

    **(a)**   **Voluntary Dismissal**.

        *(1)*   *By the Plaintiff.*

            (A)   *Without a Court Order*. Subject to Rules 23(e), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

                (i)   a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

                (ii)   a stipulation of dismissal signed by all parties who have appeared.

            (B)   *Effect*. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal

>> operates as an adjudication on the merits.
> (2) *By Court Order; Effect*. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper….

Plaintiff's first dismissal, filed on September 24, 2019, was a dismissal under Rule 41(a)(1)(A)(i), and was effective to dismiss this action. Under Rule 41(b), "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice." The September 24 dismissal, therefore, was without prejudice, and the Court reopened this matter upon plaintiff's request.

Plaintiff's filing of December 26, 2019, also was a notice of dismissal under Rule 41(a)(1)(A)(i). This second dismissal, however, is a dismissal with prejudice under the provisions of Rule 41(b).

As defendant Brown points out, the filing of plaintiff's correspondence of December 26, 2019, was effective to terminate this action on that date. *See Schmier v. McDonald's LLC*, 569 F.3d 1240, 1241 (10th Cir. 2009)(dismissal under Rule 41(a)(1)(A)(i) is effective on the date of filing and does not require a court order)(citing *Janssen v. Harris*, 321 F.3d 998, 1000-01 (10th Cir.2003)).

Accordingly, plaintiff's request in his correspondence docketed on February 28, 2020, stating that he wishes to proceed in this matter, must be examined under Fed. R. Civ. P. 60(b). *Schmier*, 569 F.3d at 1242 (an unconditional dismissal terminates federal jurisdiction except for the decision whether to reopen the matter under the conditions permitted under Rule 60(b))(quoting *Smith v. Phillips*, 881 F.2d 902, 904 (10th Cir. 1989)).

Under Rule 60(b), a court may provide relief from an adverse final

judgment on the following grounds: (1) mistake, inadvertence, surprise, or excusable neglect;(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

A Rule 60(b) motion provides extraordinary relief which "may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency,* 231 F.3d 694, 697 (10th Cir. 2000). The decision to grant such relief "is extraordinary and may only be granted in exceptional circumstances." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000) (quotation marks omitted).

In particular, a party seeking relief under Rule 60(b)(6) must demonstrate "extraordinary circumstances" justifying the reopening of a final judgment. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citations omitted). The Tenth Circuit explains that "Rule 60(b)(6) relief is even more difficult to attain [than relief under Rule 60(b)'s more specific provisions] and is appropriate only 'when it offends justice to deny such relief.'" *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999)(quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996))(internal quotation marks and citation omitted)).

Plaintiff broadly asserts that he is entitled to relief because

he did not have access to the courts, that he is held in close confinement, and that he feared retaliation.

The Court has considered this material and finds no persuasive ground for relief from the dismissal. First, plaintiff fails to provide any details to support his claim of lack of access to the courts, such as when or how he requested postage or how long a delay he suffered. His bare statement does not establish extraordinary circumstances.

Next, plaintiff describes the after-effects of psychiatric medication, which he states caused him to feel "super high" and then to sleep for several hours. This claim, however, does not explain any exceptional circumstances to show that plaintiff is entitled to relief from his dismissal of this action. *See Yeager v. Nat'l Pub. Radio*, No. 18-4019-SAC-GEB, 2019 WL 8272464, at *2 (D. Kan. Jan. 9, 2019)(declining to allow a delay where plaintiff cited physical and emotional issues)(citing *Darby v. Shulkin*, 321 F.R.D. 10, 13 (D.D.C. 2017)).

Finally, plaintiff states that he feared retaliation if he did not dismiss this action. Again, plaintiff presents only a bare statement that a unit leader told him he "needed to just drop the lawsuit." This statement does not persuade the Court that plaintiff was subject to such duress to that he could not make a voluntary decision concerning his case. *See Evans v. Collins*, No. 1:06-cv-00324, 2009 WL 1542779, at *2 (S.D. Ohio June 2, 2009)(rejecting pro se prisoner's request to vacate his voluntary dismissal where he claimed he "almost died at the hands of Defendant's agents, and all medications being stopped cold-turkey").

**Conclusion**

For the reasons set forth, the Court finds this matter was terminated with prejudice on December 26, 2019, and, construing plaintiff's February 28, 2020, correspondence as a motion under Fed. R. Civ. P. 60(b), denies the request to allow this matter to proceed.

IT IS, THEREFORE, BY THE COURT ORDERED the motion of defendant Brown for an order directing the administrative termination of this matter (Doc. 28) is granted. The clerk of the court shall terminate this action and shall note the plaintiff's request for dismissal in his correspondence of December 26, 2019.

IT IS FURTHER ORDERED plaintiff's correspondence of February 28, 2020 (Doc. 29) is liberally construed as a motion under Fed. R. Civ. P. 60(b) and is denied.

IT IS FURTHER ORDERED plaintiff's motions to appoint counsel (Docs. 13 and 16), his motion for preliminary injunction and a temporary restraining order (Doc. 18), his motion for joinder (Doc. 19), and defendant's motion to stay deadlines (Doc. 30) are denied as moot.

**IT IS SO ORDERED.**

DATED:  This 30th day of September, 2020, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judg